UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARKEYSHA TINSLEY, as Next Friend
of K.T.

        Plaintiff,                          Judge

v                                        No. 26-11576

WALLED LAKE CONSOLIDATED SCHOOLS,
HEATHER THOMAS, SETH TABOH and
MICHAEL LONZE,

        Defendants.
_____/

| | |
|---|---|
| DARRYL K. SEGARS (P54997) | KENNETH B. CHAPIE (P66148) |
| THE SEGARS LAW FIRM | TRAVIS M. COMSTOCK (P72025) |
| *Attorney for Plaintiff* | GIARMARCO, MULLINS & HORTON, P.C. |
| 26211 Central Park Blvd., Ste. 601 | *Attorneys for Defendants* |
| Southfield, MI 48076 | 101 W. Big Beaver Road, 10th Floor |
| (313) 859-5500 | Troy, MI 48084-5280 |
| segarslaw@gmail.com | (248) 457-7048 |
| | kchapie@gmhlaw.com |
| HERBERT A. SANDERS (P43031) | tcomstock@gmhlaw.com |
| THE SANDERS LAW FIRM, P.C. | |
| *Attorney for Plaintiff* | |
| 4031 Santa Clara St. | |
| Detroit, MI 48221 | |
| (313) 962-0099 | |
| Herbert@SandersForJustice.com | |

_____

## **NOTICE OF REMOVAL**

Defendants, WALLED LAKE CONSOLIDATED SCHOOLS, SUPT. DR.

MICHAEL LONZE, HEATHER THOMAS, and SETH TABOH (collectively, the

"District Defendants"), by and through their attorneys, GIARMARCO, MULLINS

& HORTON, P.C., file this Notice of Removal pursuant to 28 USC §1441, thereby removing this action from the Circuit Court for the County of Oakland, State of Michigan, to the United States District Court for the Eastern District of Michigan. Removal of this action is premised on the following grounds:

1.       This Notice of Removal is being filed pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

2.       On April 27, 2026, Plaintiff filed a Second Amended Complaint against the above District Defendants in the Oakland County Circuit Court (**Exhibit A**).

3.       On or about April 29, 2026, the District and Supt. Dr. Lonze were served. On May 1, 2026, Defendant, Seth Taboh, was served. Defendant Heather (Thomas) Tourikis has not been served as of the date of this notice. Counsel for Plaintiffs was made aware that District Defendants' counsel could accept service on her behalf on May 11, 2026.

4.       The action pending in Oakland County Circuit Court is Case No. 26-222388-NO. The Oakland County Circuit Court, which is located in Pontiac, Michigan, is within the Eastern District of Michigan; therefore, this matter was removed "to the district court of the United States for the district and division

2

embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5.      Plaintiffs' Complaint alleges the following causes of action against the District Defendants:

    a.     Count I: Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq*.

    b.     Count II: "Violation of Due Process – 14th Amendment"

    c.     Count III: "Deliberate Indifference – Violation of Due Process and the 14th Amendment to the U.S. Constitution Actionable Pursuant to 42 U.S.C. § 1983"

    d.     Count IV: "Deliberate Indifference to the Constitutional Rights of the Plaintiffs Through Official Custom, Policy or Practice in Violation of 42 U.S.C. § 1983"

    e.     Count V: Elliot-Larsen Civil Rights Act – Racially Hostile Education Environment

    f.     Count VI: Elliott-Larsen Civil Rights Act – Retaliation

    g.     Count VII: Elliott-Larsen Civil Rights Act – Racial Harassment

    h.     Count VIII: Elliott-Larsen Civil Rights Act – Racial Discrimination

    j.     Count IX – Ethnic Intimidation in Violation of MCL 750.147b

    k.     Count X – Intentional Infliction of Emotion Distress

3

l.        Count XI – Assault & Battery

6.      This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, which provides that, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7.      Counts I – IV allege violations of the 14th Amendment and Title VI, which arise under the Constitution and laws of the United States.

8.      This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, which grants this Court supplemental jurisdiction because the events arise out of the same transaction and occurrence.

9.      This Notice is filed with the Court within the timeline contemplated by 28 U.S.C. § 1446(1).

10.     Contemporaneous with this filing, District Defendants filed a Notice of Filing of Notice of Removal in the Oakland County Circuit Court and provided notice to Plaintiffs, as the Adverse Parties, as required by 28 U.S.C. § 1446.

WHEREFORE, Defendants, WALLED LAKE CONSOLIDATED SCHOOLS, SUPT. DR. MICHAEL LONZE, HEATHER (THOMAS) TOURIKIS, and SETH TABOH, respectfully request that the Court exercise jurisdiction over this matter and that the above-captioned matter be removed from Oakland County Circuit Court to the United States District Court for the Eastern District of Michigan.

4

/s/ Travis Comstock (P72025)
GIARMARCO, MULLINS & HORTON, PC
*Attorney for Defendants*
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7036
tcomstock@gmhlaw.com

DATED: May 12, 2026

# EXHIBIT A

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

LARKEYSHA TINSLEY,
as next friend of K.T.,

Case No. 26 – 222388 - NO

Hon. Daniel P. O'Brien

      Plaintiffs,

vs

WALLED LAKE CONSOLIDATED SCHOOL DISTRICT,
HEATHER THOMAS, SETH TABOH, and MICHAEL LONZE,
in their individual and official capacities,
jointly and severally,

      Defendants.

---

THE SEGARS LAW FIRM
Darryl K. Segars (P54997)
Attorneys for Plaintiffs
26211 Central Park Blvd Ste 601
Southfield, MI 48076-4113
(313) 859-5500; (313) 859-5506 (Fax)
segarslaw@gmail.com

There is no other civil action between the parties arising out of the same transaction or occurrence as alleged in this complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge. I do not know of any other civil action, not between the parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a judge in this Court.

**SECOND AMENDED COMPLAINT**

**NOW COMES** Plaintiff, LarKeysha Tinsley, as Next of Friend of K.T., in accordance with MCR 2.201(E), by and through her Attorney, Darryl K. Segars of The Segars Law Firm, and for her Complaint states as follows:

**PARTIES, JURISCITION AND VENUE**

1. This action arises under the Fourteenth Amendment to the United States Constitution, the Civil Rights Act of 1871, 42 U.S.C. § 1983; Title VI of the Civil Rights Act of 1964, 42

FILED   Received for Filing   Oakland County Clerk   4/27/2026 1:52 PM

1

U.S.C. § 2000d, the Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101, et seq., and the common law of the State of Michigan.

2. This Court has jurisdiction over Defendant School District because Defendant Walled Lake Consolidated School District (WLCSD) is a public agency of the State of Michigan with its headquarters and activities located in Oakland County, Michigan.

3. Defendant WLCSD is an independent municipal corporation established by the *Michigan Revised School Code, Act 431 of 1976, MCL §§ 380.1 et. seq.,* located in the County of Oakland, State of Michigan.

4. Plaintiff, LarKeysha Tinsley, is the mother and next friend of Plaintiff K.T., and a resident of the State of Georgia.

5. Plaintiff K.T. is an African American minor child, and the son of Plaintiff LarKeysha Tinsley, and a resident of the State of Georgia.

6. Although Plaintiffs are presently domiciled in the State of Georgia, at all times relevant to this cause of action, Plaintiffs resided in the County of Oakland County, State of Michigan.

7. At all times relevant to this cause of action, Plaintiff K.T. was enrolled as a student at Walnut Creek Middle School (WCMS), a school within WLCSD, up through the 2022/2023 school year.

8. Defendant Heather Thomas, at all times relevant hereto, was employed with WLCSD as a Counselor at WCMS.

9. Defendant Seth Taboh, at all times relevant hereto, was employed with WLCSD as a Principal at WCMS.

10. Defendant Michael Lonze, at all times relevant hereto, was employed with WLCSD as an Assistant Superintendent.

2

11. The events giving rise to this cause of action occurred in the County of Oakland, State of Michigan.

12. Since the amount in controversy herein, exclusive of costs, interest and attorney fees exceeds $1,000,000.00, one or more of the Defendants resides in Oakland County, Michigan, and since the occurrence(s) alleged herein took place in Oakland County, venue and jurisdiction are hereby properly vested in this tribunal.

## FACTUAL ALLEGATIONS

13. Plaintiff LarKeysha Tinsley is the parent and legal guardian of K.T.

14. Plaintiff K. T. is an African-American male who, at all relevant times, was a sixth-grade student at WCMS, part of WLCSD.

15. WCMS is located at 7601 Walnut Lake Road, West Bloomfield, Michigan.

16. At all relevant times, Defendant Heather Thomas was employed by WLCSD as a counselor serving students at WCMS.

17. On Friday, April 21, 2023, Plaintiff K.T. and other students were removed from math class to complete M-STEP standardized testing that they had not yet finished.

18. After Plaintiff K.T. completed the testing, he asked permission to go to the restroom; he was permitted to do so.

19. In the restroom, Plaintiff K.T. saw one of his friends, who was white.

20. After using the restroom, Plaintiff K.T. and his white friend walked back toward the cafeteria area where the testing was taking place.

21. When Plaintiff K.T. and his white friend returned to the cafeteria, they stopped talking so as not to disturb other students who were still testing.

3

22. As Plaintiff K.T. and his white friend walked back to their seats, Defendant Heather Thomas summoned Plaintiff K.T. over while he was still walking (next to his white friend) back to his seat; however, Defendant Thomas did not summon K.T.'s white friend.

23. Plaintiff K.T. turned around and approached Defendant Thomas.

24. Defendant Thomas asked Plaintiff K.T. what he had been doing in the restroom.

25. Plaintiff K.T. responded that he had done nothing unusual and was confused by Defendant Thomas's questioning.

26. Defendant Thomas proceeded to pull Plaintiff's K.T.'s hand out of his pocket and placed her hand inside the pocket of his hoodie.

27. Defendant Thomas then patted down Plaintiff K.T.'s pants pockets.

28. Defendant Thomas did not request Plaintiff K.T. to empty his own pockets before the illegal search. See WLCSD Board Policy #2007.

29. Defendant Thomas did not identify any specific facts giving rise to a reasonable suspicion that Plaintiff K.T. possessed contraband or had violated any school rule.

30. Defendant Thomas did not obtain prior approval from Principal Seth Taboh or Assistant Principal Kyle Pipkin before searching Plaintiff K.T.

31. No same-sex staff member was present to conduct or witness the illegal search.

32. Defendant Thomas performed the illegal search in the presence of other students, including Plaintiff K.T.'s classmates, friends, and acquaintances.

33. A similarly situated white student who had been walking from the same area as Plaintiff K.T. and behaving similarly was not summoned, searched or patted down.

34. After the illegal search, which revealed nothing, Defendant Thomas told Plaintiff K.T. to go sit down.

4

35. Plaintiff K.T. was upset for the remainder of that class period and continued to think about the incident during his next science class.

36. Plaintiff K.T. felt confused, upset, sad, and disappointed as a result of the incident.

37. Plaintiff K.T. and his mother, Plaintiff LarKeysha Tinsley, reported to WLCSD officials that the incident had "opened [his] eyes" to racism.

38. Plaintiff K.T. and his mother, Plaintiff LarKeysha Tinsley, reported to WLCSD officials that Plaintiff K.T. felt uncomfortable being accused of something and did not understand why he had been illegally summoned, searched and patted down when his white friend had not been.

39. Plaintiff K.T. thereafter reported to WLCSD officials that he did not feel safe or comfortable with Defendant Thomas and did not trust her anymore.

40. On or about Monday April 24, 2023, Plaintiff LarKeysha contacted WLCSD by email to request a meeting concerning K.T.'s complaint that he had been racially discriminated against and improperly searched and restrained by Defendant Thomas on Friday, April 21, 2023.

41. The District scheduled a meeting for April 27, 2023.

42. On April 27, 2023, WLCSD representatives met with Plaintiffs to discuss the incident.

43. At the April 27, 2023 meeting, Plaintiffs reported that Defendant Thomas had inappropriately detained Plaintiff K.T., placed her hands in his pocket and patted him down during the testing session.

44. Plaintiff K.T. provided a verbal statement describing the incident during the meeting.

45. Plaintiffs also provided written statements to WLCSD officials on or about April 24, 2023 indicating that Plaintiff K.T. thought he was a victim of racism especially, since his white friend was treated differently on April 21, 2023.

5

46. After reviewing the incident, the District, through Defendant Taboh, erroneously concluded that the video footage did not support K.T.'s account of the illegal search.

47. On April 28, 2023, Defendant Seth Taboh informed Plaintiffs that WLCSD considered Plaintiff K.T.'s accusation against Defendant Thomas to be false.

48. On April 28, 2023, Plaintiffs were informed by Defendant Taboh that Plaintiff K.T. would be subject to school discipline and recommended for expulsion.

49. In a letter dated April 27, 2023, Defendant Taboh charged Plaintiff K.T. with violating the WLCSD Student Code of Conduct, including disorderly conduct, during the April 27, 2023 parent meeting.

50. WLCSD advised that disorderly conduct was treated as a Level III offense under the WLCSD Student Code of Conduct.

51. WLCSD scheduled an expulsion hearing to be held by Defendant Michael Lonze, the Deputy Superintendent, at WLCSD's Educational Services Center.

52. WLCSD later held an expulsion hearing on May 19, 2023.

53. WLCSD reviewed some video footage from the incident as part of the hearing process.

54. WLCSD refused to produce or review footage from other video cameras that were also operating in the same room at the time of the incident.

55. On June 1, 2023, Defendant Lonze issued a written determination.

56. The June 1, 2023 determination stated that Plaintiff K.T. had been found to have violated the District's Student Code of Conduct by disorderly conduct.

57. The June 1, 2023 determination suspended Plaintiff K.T. for the remainder of the 2022-2023 school year.

58. The June 1, 2023 determination barred K.T. from returning to WLCSD for the remainder of that school year.

59. Defendant Thomas's actions on April 21, 2023 were taken in a manner that treated K.T. differently because of his race.

60. The WLCSD's subsequent discipline was imposed in retaliation for Plaintiff's complaint about the April 21, 2023 incident.

61. The WLCSD disciplinary process and resulting exclusion from WCMS deprived K.T. of rights secured by law.

62. Defendants never initiated any investigation into Plaintiffs' complaint that Plaintiff K.T. was treated differently because of his race or his complaint that Defendant Thomas' detention of K.T. was illegal and improper.

## CAUSES OF ACTION

### COUNT I
### Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*

63. Plaintiffs hereby re-allege and reassert the allegations set forth in each preceding paragraph and incorporate same herein by reference, word for word.

64. Title VI prohibits discrimination on the basis of race, color, or national origin by recipients of Federal financial assistance from the U.S. Department of Education.

65. As a recipient of Federal financial assistance from the Department of Education, Defendant is subject to Title VI.

66. Harassment on the basis of race, color, or national origin is a form of discrimination prohibited by Title VI.

7

67. Racial harassment is abusive or intimidating behavior, based on race, which is sufficiently severe, persistent, or pervasive that it creates a hostile environment that interferes with an individual's ability to participate in or benefit from a recipient's program.

68. Defendants violated Title VI because it effectively caused, encouraged, accepted, tolerated, or failed to correct a hostile environment, based on race, of which it had actual or constructive notice.

69. During the 2022-2023 school year, Plaintiff K.T. was a student at WCMS.

70. Plaintiffs identify as African American.

71. Plaintiff K.T. was treated different than his white friend by Defendant Thomas on April 21, 2023.

72. Plaintiffs reported the complaint of racism to Defendants.

73. Defendants failed to address the complaint of racism.

## COUNT II

**42 U.S.C § 1983**
**Violation of Due Process – 14th Amendment**
**(As to Defendants Thomas, Taboh and Lonze)**

74. Plaintiffs hereby re-allege and reassert the allegations set forth in each preceding paragraph and incorporate same herein by reference, word for word.

75. Plaintiff, K.T., as a student in a school operated, managed, and supervised by Defendant, has rights under the Equal Protection clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

76. Defendants had a duty to secure and protect these rights.

77. Instead, Defendants condoned and encouraged racial intimidation, thereby fostering future violations.

8

78. Defendants' conduct was reckless, outrageous, and upon information and belief, deliberate.

79. As a direct and proximate result of the unconstitutional acts of Defendants, each Plaintiff suffered violations of his or her rights to be protected against injury to his or her health, property, and liberty.

80. Plaintiffs seek compensatory and punitive damages, costs, and attorney fees, pursuant to 42 U.S.C. § 1988, and declaratory and injunctive relief.

## COUNT III

### DELIBERATE INDIFFERENCE – VIOLATION OF DUE PROCESS AND THE 4TH AMENDMENT TO THE U.S. CONSTITUTION ACTIONABLE PURSUANT TO 42 USC §1983

81. Plaintiffs hereby re-allege and reassert the allegations set forth in each preceding paragraph and incorporate same herein by reference, word for word.

82. Defendants purposely and intentionally detained, accosted, assaulted, threatened, physically abused, and battered the Plaintiff knowing that such use of force was unreasonable and unnecessary under the circumstances.

83. Such actions constitute a violation under color of law of Plaintiff's fundamental substantive due process rights under *42 U.S.C. § 1983* and the *Fourth and Fourteenth Amendments to the United States Constitution*.

84. Plaintiffs' constitutionally protected rights that Defendants violated include his right to liberty protected in the substantive component of the Due Process Clause of the *Fourth and Fourteenth Amendment*, which includes personal safety, and her right to fair and equal treatment, guaranteed and protected by the Equal Protection Clause of the *Fourteenth Amendment*.

9

85. The Defendants owed Plaintiff a duty to act prudently, and with reasonable care, and to otherwise avoid the use of unnecessary, unreasonable, excessive coercion or force.

86. The Defendants owed Plaintiffs a duty to be treated equally and without regard to race or color; however, Defendants breached this duty.

87. The Defendants violated Plaintiffs' right to be free from punishment and deprivation of life and liberty without due process of law under the *Fourth and Fourteenth Amendments to the United States Constitution* and to be free from deliberate indifference as to all of said rights, by unjustifiably detaining, secluding, restraining, accosting, assaulting, threatening, physically abusing, and battering the Plaintiff.

88. As a direct and proximate result of each Defendants' acts and/or omissions, the Plaintiff suffered severe injury.

89. As a direct result of Defendants' acts, Plaintiffs have suffered injury and damages, including, but not limited to, physical injuries, pain, suffering, emotional distress, mental anguish, posttraumatic stress disorder, injuries to his reputation, humiliation, mortification, and embarrassment, all of which damages continue into the future.

**COUNT IV**

**DELIBERATE INDIFERENCE
TO THE CONSTITUTIONAL RIGHTS OF THE PLAINTIFFS
THROUGH OFFICIAL CUSTOM, POLICY OR PRACTICE,
IN VIOLATION OF 42 U.S.C. § 1983**

90. Plaintiffs hereby re-allege and reassert the allegations set forth in each preceding paragraph and incorporate same herein by reference, word for word.

10

91. Acting under color of law and pursuant to official policy, custom or practice, Defendants knowingly, recklessly, with gross negligence, and deliberate indifference failed to instruct, supervise, control, and discipline on a continuing basis the Defendant employees.

92. The Defendants' deprivation of Plaintiffs' rights pursuant to official policy, custom or practice are inclusive of, but not necessarily limited to:

    a. Treating African-Americans with disdain and contempt;

    b. Accosting AfricanAmericans;

    c. Assaulting African-Americans;

    d. Battering African-Americans;

    e. Exemplifying cognitive dissonance as it relates to African-Americans;

    f. Exemplifying implicit negative social cognition as it relates to African-Americans;

    g. Failing to diagnose and treat cognitive dissonance and implicit negative social cognition when being exemplified negatively toward African-Americans.

93. It was the duty of the Defendants to implement and enforce rules and guidelines related to the foreseeable use of force, and to prevent unethical, unwarranted, excessive, illicit and illegal use of force.

94. It was the duty of Defendants to maintain official customs, policies, and practices that were not violative of the Plaintiffs' civil and constitutional rights.

95. Defendants failed to implement and/or enforce said guidelines, failed to maintain official customs, policies, and practices that were not violative of the Plaintiffs' civil and constitutional rights, and said failures directly led to the foreseeable unlawful deprivation of Plaintiffs' civil rights.

96. Defendants had power to prevent or aid in preventing the commission of the wrongs

delineated herein; Defendants could have done so by reasonable diligence, but knowingly, recklessly, with gross negligence, and deliberate indifference failed or refused to do so.

97. Defendant WLCSD directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of the Defendant employees.

98. Said breach of Defendants' duties was the proximate cause of Plaintiff's injuries.

99. The conduct of the Defendants cited above was grossly negligent, deliberately indifferent and so reckless that it demonstrated a substantial lack of concern for Plaintiff's civil rights.

100. As a direct result of Defendants' acts, Plaintiffs suffered injuries and damages, including, but not limited to, physical injuries resulting in pain, suffering, emotional distress, mental anguish, physical illness, medical expenses, injuries to reputation, humiliation, mortification, and embarrassment, all of which damages continue into the future.

## COUNT V

### Violation of Elliot Larsen Civil Rights Act—Creating and Failing to Prevent a Racially Hostile Education Environment

101. Plaintiffs hereby re-allege and reassert the allegations set forth in each preceding paragraph and incorporate same herein by reference, word for word.

102. Based on the facts, as asserted herein, Defendants— "persons" as that term is defined by MCL § 37.2103(g)—denied Plaintiffs the full and equal access to and enjoyment of the WLCSD and its resources, facilities, and services on account of their race.

103. Defendants were the entities responsible for providing a safe educational environment for Plaintiffs.

104. By subjecting Plaintiffs to racial animus and harassment, Defendants' acts and omissions have created a racially hostile environment, and created abusive and intimidating conditions,

12

depriving Plaintiff, K.T., of a safe educational environment.

105. The foregoing violations of the ELCRA caused substantial damages to Plaintiffs as alleged herein, including without limitation, severe and permanent psychological damages, and emotional distress.

106. Defendants' acts and/or omissions proximately caused these injuries.

## COUNT VI

### Violation of ELCRA – Retaliation
### (As to all Defendants)

107. Plaintiffs hereby re-allege and reassert the allegations set forth in each preceding paragraph and incorporate same herein by reference, word for word.

108. Defendant WLCSD was a public service under the ELCRA, MCL 37.2101 et seq. and MCL 37.2301.

109. Defendants' acts and omissions constituted racial harassment and violated Plaintiffs' rights under the ELCRA by subjecting Plaintiff, K.T. to a racially hostile environment.

114. Defendants were the entities responsible for providing a safe educational environment for Plaintiff.

115. After Plaintiffs complained about the racial harassment and discrimination, Defendants retaliated against Plaintiffs by declining to meaningfully investigate the matter, discipline harassers, or to otherwise comply with their responsibilities in accordance with the ELCRA.

116. Defendants further retaliated against Plaintiffs by failing to protect Plaintiffs from further abuse.

117. Defendants further retaliated against Plaintiffs by suspending him from WLCSD.

13

118. The foregoing violations of the ELCRA caused substantial damages to Plaintiffs as alleged herein, including without limitation, severe and permanent psychological damages, and emotional distress.

119. Defendants' acts and/or omissions proximately caused these injuries.

## COUNT VII
## VIOLATION OF ELCRA-RACIAL HARRASSMENT

120. Plaintiffs hereby re-allege and reassert the allegations set forth in each preceding paragraph and incorporate same herein by reference, word for word.

121. Defendant WCLSD was a public service entity under the ELCRA, MCL 37.2101 et seq. and MCL 37.2301.

122. Defendants' acts and omissions constituted racial harassment and violated Plaintiffs' rights under the ELCRA by subjecting Plaintiffs to unwelcome disparate treatment.

123. Defendants were the entities responsible for providing a safe educational environment for Plaintiffs.

124. Plaintiffs' race was at least one factor in his treatment by Defendants.

125. Plaintiffs were discriminated against on the basis of their race by the way in which Defendant WLCSD and its officials responded to and failed to address the racial harassment and bullying Plaintiffs experienced as a result thereafter.

126. Defendants are vicariously liable for the acts and omissions of their employees/agents under the doctrine of respondeat superior.

127. The foregoing violations of the ELCRA caused substantial damages to Plaintiffs as alleged herein, including without limitation, severe and permanent psychological damages, and emotional distress.

14

128. Defendants' acts and/or omissions proximately caused these injuries.

**COUNT VIII**
**Violation of ELCRA – Discrimination**
**(As to all Defendants)**

129. Plaintiffs hereby re-allege and reassert the allegations set forth in each preceding paragraph and incorporate same herein by reference, word for word.

130. Defendant WLCSD is a public service entity under the ELCRA, MCL 37.2101 et seq. and MCL 37.2301.

131. Defendants' acts and omissions constitute racial harassment and violate Plaintiffs' rights under the ELCRA, MCL 37.2103(h)(i)(ii)(iii) by subjecting Plaintiffs to unwelcomed disparate treatment based on Plaintiff's race..

132. Defendants were the entities responsible for providing a safe educational environment for Plaintiffs.

133. Plaintiffs' race was at least one factor in their treatment by Defendants.

134. Plaintiff was discriminated against on the basis of his race, both in the discipline from individual Defendants, and the way in which Defendant WLCSD officials responded to the Plaintiffs' complaints of racism and failed to address the harassment and bullying Plaintiffs experienced as a result thereafter.

135. Defendants are vicariously liable for the acts and omissions of their employees/agents under the doctrine of respondeat superior.

136. The foregoing violations of the ELCRA caused substantial damages to Plaintiffs as alleged herein, including without limitation, severe and permanent psychological damages, and emotional distress.

137. Defendants' acts and/or omissions proximately caused these injuries.

## COUNT IX

### ETHNIC INTIMIDATION
### IN VIOLATION OF MCL 750.147b

138. Plaintiffs hereby re-allege and reassert the allegations set forth in each preceding paragraph and incorporate same herein by reference, word for word.

139. The Defendants maliciously, and with specific intent to intimidate or harass the Plaintiff, because of his race and color, threatened the Plaintiffs by word or act; and caused physical contact with Plaintiff K.T.

140. As a direct result of Defendants' acts, Plaintiffs has suffered injury and damages, including, but not limited to, physical injuries, pain, suffering, emotional distress, mental anguish, posttraumatic stress disorder, injuries to his reputation, humiliation, mortification, and embarrassment, all of which damages continue into the future.

## COUNT X

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

141. Plaintiffs hereby re-allege and reassert the allegations set forth in each preceding paragraph and incorporate same herein by reference, word for word.

142. The acts of Defendants as described above constitute intentional infliction of emotional distress.

143. Defendants' conduct, as set forth above was extreme and outrageous as to go beyond all possible bounds of decency and would be regarded as atrocious and utterly intolerable in a civilized community.

144. The conduct of Defendants, as described above, was wanton and/or intentional.

16

145. The acts of Defendants, as described above, caused Plaintiffs to suffer severe emotional distress and mental anguish.

146. Such conduct on the part of the Defendants rose to the level of intentional infliction of emotional distress.

147. Defendants knew or should have known that such conduct would inflict severe emotional distress on the Plaintiffs.

148. Such conduct did in fact inflict emotional distress upon the Plaintiffs.

149. As a direct and proximate result of Defendants' wrongful acts, Plaintiffs have suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of reputation.

## COUNT IX
## ASSAULT & BATTERY

150. Plaintiffs hereby re-allege and reassert the allegations set forth in each preceding paragraph and incorporate same herein by reference, word for word.

151. Defendants made an intentional and unlawful threat to do bodily injury to Plaintiff K.T.

152. The threat to Plaintiff was made under circumstances that created in him a well-founded fear of imminent peril.

153. Defendants had the apparent ability to carry out the act if not prevented.

154. The act was not prevented, and Defendants willfully and intentionally assaulted, and battered Plaintiff K.T.

155. As a direct result of Defendants' acts, Plaintiffs have suffered injury and damages, including, but not limited to, physical injuries, pain, suffering, emotional distress, mental anguish, psychological counseling and treatment, posttraumatic stress disorder, physical

17

illness, medical expenses, injuries to theirreputation, humiliation, mortification, and embarrassment, all of which damages continue into the future.

## DAMAGES

156. Plaintiffs hereby re-allege and reassert the allegations set forth in each preceding paragraph and incorporate same herein by reference, word for word.

157. The acts and omissions of Defendants, which constitute a violations of Plaintiffs' constitutional, statutory, civil, and common law rights were and are a proximate cause of Plaintiffs' damages.

158. As a result of Defendants' acts and omissions, Plaintiffs have suffered emotional and physical injuries all of which are ongoing, and resulting in damages including, but not limited to:

a. Emotional distress;
b. Loss of personal freedom and liberty;
c. Pain and suffering;
d. Exemplary damages;
e. An award of punitive damages;
f. Reasonable attorney fees and costs;
g. All other such relief which appears reasonable and just under the circumstances.

**WHEREFORE** Plaintiffs, LarKeysha Tinsley and K.T., pray that this Honorable Court grant judgment in favor of Plaintiffs and against Defendants in whatever amount Plaintiffs are found to be entitled, together with interest, costs, and attorney fees.

Respectfully submitted,
**THE SEGARS LAW FIRM**
**/s/ Darryl K. Segars**
**DARRYL K. SEGARS (P54997)**
Attorneys for Plaintiffs
26211 Central Park Blvd., Suite 601
Southfield, MI 48076
Phone/Fax: (313) 859-5500/5506
email: segarslaw@gmail.com

Dated: April 27, 2026

18

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

LARKEYSHA TINSLEY,
as next friend of K.T.,

Case No.  26 – 222388 - NO

Hon. Daniel P. O'Brien

        Plaintiffs,

vs

WALLED LAKE CONSOLIDATED SCHOOL
DISTRICT, HEATHER THOMAS, SETH TABOH,
and MICHAEL LONZE,
in their individual and official capacities,
jointly and severally,

        Defendants.

---

**THE SEGARS LAW** FIRM
Darryl K. Segars (P54997)
Attorneys for Plaintiffs
26211 Central Park Blvd Ste 601
Southfield, MI 48076-4113
(313) 859-5500; (313) 859-5506 (Fax)
segarslaw@gmail.com

---

## RELIANCE ON JURY DEMAND

**NOW COME** the above-named Plaintiffs, by and through their attorneys, THE SEGARS LAW FIRM, and hereby rely on their previously filed jury demand on all issues and claims in this cause of action.

Respectfully submitted,

**THE SEGARS LAW FIRM**

/s/ Darryl K. Segars

By: _____
DARRYL K. SEGARS (P54997)
Attorneys for Plaintiffs
26211 Central Park Blvd., Suite 601
Southfield, MI 48076
Phone/Fax: (313) 859-5500/5506
email: segarslaw@gmail.com

Dated: April 20, 2026

FILED   Received for Filing   Oakland County Clerk   4/20/2026 3:03 PM